(923 P.2d 1064)

No. 74,418

STATE OF KANSAS, *Appellee*, v. AARON KENT HAWES, *Appellant*.

—

Opinion filed September 13, 1996.

*Timothy J. Grillot*, of Parsons, for appellant.

*Scott C. Rask*, assistant county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before ROYSE, P.J., ELLIOTT and PIERRON, JJ.

ELLIOTT, J.: Defendant Aaron Hawes appeals his upward durational departure sentence. We vacate and remand for resentencing.

Defendant pled guilty to possession of methamphetamine, a level 4 drug felony, and possession of marijuana, a class A misdemeanor. The parties stipulated to a criminal history score of E, which included prior convictions for three burglaries, one attempted burglary, theft, aggravated false impersonation, forgery, and criminal damage to property. All of these convictions are nonperson felonies. As a 4-E drug felony offender, defendant's presumptive sentence was 18-20-22 months in prison. These are defendant's first drug-related convictions.

At the time of his arrest, defendant was in possession of ¼ gram of methamphetamine and ½ of a marijuana joint. The State notified defendant of its intent to seek an upward durational departure of 11 months, a right reserved in the plea agreement.

At the hearing, Detective Gofourth testified that defendant had admitted he had purchased or gotten "eight balls" of methamphetamine in the past from several people in Oklahoma. An "eight ball" is a little over 3 grams of methamphetamine or 14 quarter grams.

The State urged three aggravating factors in support of upward departure: Defendant's involvement with methamphetamine was much more than typically associated with mere users; defendant was on parole in three counties at the time of his current crimes; and defendant has eight nonperson felonies in his history.

The trial court granted an 11-month upward durational departure and stated:

"In addition the Court will take into consideration not only the defendant's prior record and the fact that he's on parole, but all of these prior crimes, even though they're nonperson felonies, all appear to be property crimes or most of them, and based on that and the fact that—what he told Detective Gofourth, I think it's a reasonable conclusion to draw that he engages in these property crimes in order to secure money to buy drugs for himself or anybody else. I don't know, but even

if it was for himself, the impetus here to commit these property crimes is in order that he buy drugs. I think that's a fair conclusion to draw, and under aggravating circumstances as presented in this case, the Court would find that the request for upward departure is reasonable and would so impose it based upon the agreement that you had with the defendant that you would not ask for a departure in excess of 11 months."

The sentences for the current crimes were ordered to run consecutive to the three felony sentences for which defendant was on parole.

A claim that the departure factors relied upon by the court are not substantial and compelling presents a question of law. *State v. Gideon*, 257 Kan. 591, Syl. ¶ 20, 894 P.2d 850 (1995). A sentence departure based on nonstatutory aggravating factors is subject to greater scrutiny than a departure based on aggravating factors listed in the statute. See *State v. Favela*, 259 Kan. 215, 238, 911 P.2d 792 (1996) (citing *State v. Favela*, 21 Kan. App. 2d 202, 215, 898 P.2d 1165 [1995] [Malone, J., dissenting]).

In the present case, the trial court's reasons for departure at sentencing differ somewhat from its written findings. Comments at the time of sentencing govern as to reasons for departure. *Gideon*, 257 Kan. 591, Syl. ¶ 21.

### *Prior property crimes committed to facilitate drug use*

There is simply no competent evidence in the record to support the trial court's finding that defendant's prior property crimes were committed to facilitate drug use. The State presented no argument or evidence on this issue at all. Unsubstantiated facts and inferences cannot support a departure sentence. See *State v. Richardson*, 20 Kan. App. 2d 932, 940, 901 P.2d 1 (1995). The trial court erred to the extent it relied on this "factor" to support the upward departure. But if *any* of the factors cited by the trial court are substantial and compelling reasons for departure, we will affirm that determination. See *State v. Zuck*, 21 Kan. App. 2d 597, 606, 904 P.2d 1005 (1995).

### *Multiple nonperson felonies*

A defendant's criminal history cannot be used to justify a departure sentence when the sentencing guidelines have already

taken the criminal history into account in determining the presumptive sentence. *Richardson*, 20 Kan. App. 2d 932, Syl. ¶ 2. The sentencing court, however, is free to consider factors that the criminal history does not take into account. 20 Kan. App. 2d at 941.

Under K.S.A. 21-4709, a criminal history of E is assigned to any person whose history includes three or more adult nonperson felonies but no adult person felonies. Once an offender has three adult nonperson felonies, his or her score will remain unchanged regardless of additional crimes—until he or she commits a person felony. The use of multiple nonperson felonies as an aggravating factor for departure sentencing has not been decided in Kansas.

Generally, a criminal statute is strictly construed in favor of the accused by giving words their ordinary meaning, with any reasonable doubts as to meaning decided in favor of the defendant. *State v. Donlay*, 253 Kan. 132, Syl. ¶ 3, 853 P.2d 680 (1993). Of course, judicial interpretation of a statute must be reasonable and sensible to effect legislative design and intent. *State v. Tyler*, 251 Kan. 616, Syl. ¶ 15, 840 P.2d 413 (1992).

As we read 21-4709, the statutory language creates a criminal history category encompassing *all* of a defendant's prior nonperson felonies, regardless of number.

In those instances where prior convictions have been used as a substantial and compelling reason for departure, the focus of the sentencing court's inquiry is not the defendant's general criminal history, but specifically what that history says about the defendant's amenability to probation, need for treatment, and/or future dangerousness. See, *e.g.*, *Gideon*, 257 Kan. at 623-25; *State v. Gonzales*, 255 Kan. 243, 249, 874 P.2d 612 (1994); *State v. Trimble*, 21 Kan. App. 2d 32, Syl. ¶ 6, 894 P.2d 920 (1995), *rev. denied* March 8, 1996; *Richardson*, 20 Kan. App. 2d at 941.

In the present case, however, defendant's excessive nonperson felonies show only that defendant is a persistent criminal.

### Current crimes committed while on parole

K.S.A. 21-4603d provides that when a new felony is committed while the offender is on parole, a new sentence *shall be* imposed pursuant to the *consecutive* sentencing requirements of K.S.A. 21-

4608. Further, the person may be sentenced to prison even when the new crime otherwise carries a presumptive nonprison sentence—without constituting a departure. K.S.A. 21-4603d(a).

Whether a sentencing court may rely on a defendant's parole status as an aggravating factor justifying a durational departure has not been decided in Kansas. As we read the statute, the legislature has mandated consecutive sentencing for presumptive imprisonment and nonimprisonment candidates alike who are sentenced for a crime committed while on parole from a prior felony.

Given the legislature's express statutory direction of how offenders who commit crimes while on parole are to be sentenced, we hold that a defendant's parole status, standing alone, is not a substantial and compelling reason for a durational departure.

### Defendant's admission to prior drug purchases/use of uncharged criminal conduct to support departure

At sentencing, the trial court found that defendant committed his property crimes "in order to secure money to buy drugs for himself or anybody else." Thus, the trial court adopted the State's argument that defendant's *involvement* with methamphetamine was much more than is typically associated with mere users of the drug. In fact, the journal entry speaks of methamphetamine *trafficking*.

Departure cannot be based on prior uncharged activity; it violates the presumption of innocence. Even if a person admits to prior criminal activity, that admission is not equivalent to a guilty plea or a conviction. See *State v. Bolton*, 68 Wash. App. 211, 218-19, 842 P.2d 989 (1992); see also *State v. Keniston*, 21 Kan. App. 2d 818, 822, 908 P.2d 656 (1995) (sentencing court may use as reason to depart acts connected with the instant offense which could be an element of different offense).

When uncharged criminal conduct is part of a continuing pattern intentionally connected with the charged offense, those facts may be considered as an aggravating factor in some circumstances. See K.S.A. 21-4717(a)(1)(G).

But here, defendant's admission to purchasing "eight balls" is uncharged conduct factually unrelated and extenuated from the

crime for which he was charged. Defendant's atypical involvement with the drug is not a substantial and competent reason for departure because it is a finding unsupported by substantial competent evidence connected to the current crime of conviction.

Defendant's sentences are vacated, and the case is remanded for resentencing.