(957 P.2d 516)

No. 77,54▮

STATE OF KANSAS, *Appellee*, v. RICHARD J. SOLER, JR., *Appellant*.

Opinion filed January 16, 1998.

*Thomas B. Frost*, of Topeka, for appellant.

*David P. Zabel*, assistant district attorney, *Christine K. Tonkovich*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before BRAZIL, C.J., GERNON and KNUDSON, JJ.

KNUDSON, J.: This sentencing appeal is brought by Richard J. Soler, Jr., who contends the district court erred in its findings of a substantial and compelling reason to impose a durational departure sentence and in its consideration of a victim impact statement.

Soler was originally charged with aggravated assault, criminal discharge of a firearm at an occupied dwelling, and criminal possession of a firearm after a conviction of a felony within 10 years. Under a plea bargain, Soler pled guilty to an amended charge of

criminal discharge of a firearm at an *unoccupied dwelling*, and the remaining charges were dismissed. The parties agreed Soler's presumptive sentence would be within grid block 8-D (17-16-15 months) but with presumed imprisonment because a firearm was used to commit the offense. See K.S.A. 21-4219(a); K.S.A. 21-4704(h). Soler agreed not to request an optional nonprison sentence.

The district court, on its own motion, gave notice of an intent to impose a durational departure, stating as an aggravating circumstance that "[t]he possibility for injury or loss of life attributed to the offense was significantly greater than typical for this offense because people were present and living in the dwelling." Over objection by Soler, the district court imposed a durational sentence of 24 months' imprisonment.

In finding substantial and compelling reasons to impose the durational sentence, the district court stated:

"After considering the matter; the Court finds that there [are] grounds for a durational departure. It's my belief and my intention here that the departure is not to be based on whether or not Mr. Soler could have been convicted of a greater crime such as the shooting at an occupied vehicle [*sic*], but it's based on the fact that his actions in this case resulted in conditions not normally present in this type of offense, that is shooting into a building where there were in fact people and that injuries could have occurred.

"There are cases that indicate the Court cannot use an element that is in the crime itself as an element for departure. For example, if Mr. Soler [pled] guilty to shooting into an occupied dwelling, the Court could not use the factor that the building was occupied as a factor for departure. But I believe here, where he has [pled] guilty — [pled] no contest and was found guilty to a charge of shooting into an unoccupied dwelling, the fact that there were people in that dwelling is not an element of that charge and can be used as a basis for departure. In considering this, the Court has reviewed the impact statement of Barbara Harris, one of the people in the house at the time.

[Objection omitted.]

". . . That statement says that, 'My son was sleeping in his bed and the bullet went into the wall above his bed and one went through his closet. Life could have been lost and now we could be homeless.' Based on the impact statement and based on the comments the Court has just made, I am going to find that durational departure is permissible in this case."

On appeal, Soler argues that the district court improperly imposed a departure sentence based on an element of the greater

offense of discharge of a firearm at an occupied dwelling, the initial charge that was reduced under the plea agreement. He contends that it is not proper under K.S.A. 21-4716 and K.S.A. 21-4719 to use an element of the greater offense as a substantial and compelling reason to impose a departure.

Whether the district court's reason for imposing a departure sentence is substantial and compelling is a question of law, and our scope of review is unlimited. *State v. Keniston*, 21 Kan. App. 2d 818, 820, 908 P.2d 656 (1995).

There are several recent cases that have decided somewhat analogous issues and are helpful in resolving this important issue.

In *State v. Zuck*, 21 Kan. App. 2d 597, 598-99, 904 P.2d 1005, *rev. denied* 258 Kan. 863 (1995), the defendant pled guilty to attempted rape of his 8-year-old stepdaughter. The evidence indicated that he had been molesting the child over a lengthy period of time. Prior to sentencing, the State filed a motion for an upward departure that was ultimately granted by the district court.

The district court based its departure in part upon Zuck's "continuing pattern of conduct." 21 Kan. App. 2d at 600. On appeal, Zuck cited case law from the state of Washington in support of his argument that the district court had erred. This court noted that "under Washington statutes, uncharged criminal conduct cannot be used to impose an exceptional sentence. [*State v. Tunell*, 51 Wash. App. 274, 279, 753 P.2d 543 (1988)]. Kansas has no such comparable statute which restricts uncharged criminal conduct from being an upward departure factor." 21 Kan. App. 2d at 605. The court then concluded:

"Because there is no indication that our legislature considered restricting the use of a defendant's prior uncharged criminal conduct in establishing the presumptive sentence, the sentencing court here had the discretion to consider such conduct as a departure factor. Importantly, one of the purposes of the guidelines is to ensure public safety. Using a history of unpunished sexual exploitation as a factor to justify a departure is consistent with the purposes of the guidelines." 21 Kan. App. 2d at 606.

Shortly after *Zuck* was decided, another panel of this court decided *State v. Keniston.* Keniston was originally charged with aggravated battery and the brutal rape of an 80-year-old woman. 21

Kan. App. 2d at 819. The aggravated battery charge was based, in part, on the fact that the victim suffered a broken hip when Keniston threw her to the ground; that charge was subsequently dismissed in exchange for Keniston's plea of guilty to the rape charge. At sentencing, the district court departed from the presumptive sentence, finding that Keniston's actions manifested excessive brutality to the victim in a manner not normally present in the crime of conviction. 21 Kan. App. 2d at 820-21.

On appeal, Keniston argued that the sentencing court could not base the upward departure on excessive brutality because those actions were encompassed by the aggravated battery charge, which had been dismissed pursuant to the plea agreement. 21 Kan. App. 2d at 822. This court disagreed and held:

"Here, this record shows that the facts supporting the departure sentence, while possibly elements of a separate crime, were not the crimes dismissed by the prosecution. While the physical injury suffered by the victim is certainly an element that could support a charge of aggravated battery, the simple fact is that the court did not depart because defendant committed a battery, but because of the brutality of the rape, which included the considerable physical injury to the victim. *There is a difference between using dismissed or uncharged crimes as a reason to depart and using acts connected with the instant offense which could be an element of a different offense. The former might be objectionable for policy reasons to prevent the imposition of a sentence more appropriate for a more serious crime when the State has only been required to prove a lesser offense.* However, the latter does not violate any of the purposes of the sentencing guidelines." (Emphasis added.) 21 Kan. App. 2d at 822.

After *Keniston*, a panel of this court decided *State v. Hawes*, 22 Kan. App. 2d 837, 923 P.2d 1064 (1996). Hawes pled guilty to possession of ¼ gram of methamphetamine and possession of ½ of a marijuana cigarette. The State requested an upward durational departure based, in part, on statements made by Hawes that he had purchased "eight balls" of methamphetamine in the past from several people in Oklahoma. 22 Kan. App. 2d at 838. Based on these statements, the State argued and the court found that Hawes' "involvement with methamphetamine was much more than is typically associated with mere users of the drug." 22 Kan. App. 2d at 841.

On appeal, Hawes argued that the district court erred in considering his uncharged criminal conduct in granting an upward departure. We agreed, stating:

> "Departure cannot be based on *prior* uncharged activity; it violates the presumption of innocence. Even if a person admits to prior criminal activity, that admission is not equivalent to a guilty plea or a conviction. See *State v. Bolton*, 68 Wash. App. 211, 218-19, 842 P.2d 989 (1992); see also *State v. Keniston*, 21 Kan. App. 2d 818, 822, 908 P.2d 656 (1995) (sentencing court may use as reason to depart acts connected with the instant offense which could be an element of different offense).
>
> . . . .
>
> "[H]ere, defendant's admission to purchasing 'eight balls' is uncharged conduct factually unrelated and extenuated from the crime for which he was charged. Defendant's atypical involvement with the drug is not a substantial and competent reason for departure because it is a finding unsupported by substantial competent evidence connected to the current crime of conviction." (Emphasis added.) 22 Kan. App. 2d at 841-42.

K.S.A. 21-4716(b)(2) contains a nonexclusive list of aggravating factors to be used in determining whether substantial and compelling reasons exist for a departure sentence. Factors not specifically listed in the statute may be considered by the sentencing court when considering whether to grant a departure. *State v. Richardson*, 20 Kan. App. 2d 932, 941, 901 P.2d 1 (1995). Nevertheless, a plain reading of the statute compels the conclusion that an aggravating circumstance must be based upon conduct of an offender that is contemporaneous with and rationally related to the underlying crime of conviction.

The holding in *Zuck* is entirely consistent with the above statutory interpretation. In *Zuck*, the "continuing pattern of conduct," albeit uncharged criminal conduct, was contemporaneous with and rationally related to the defendant's crime of conviction. 21 Kan. App. 2d at 600.

In *Keniston*, the conduct supporting an aggravating circumstance clearly arose out of the factual circumstances underlying the defendant's crime of conviction. The issue was whether the district court relied upon the dismissed charge of aggravated battery as a substantial and compelling reason to impose a departure sentence. The *Keniston* court decided that was not what the trial court had

done; instead, it had considered "acts connected with the instant offense which could be an element of a different offense." 21 Kan. App. 2d at 822. In dicta, the court suggests use of a dismissed or uncharged crime may be problematical.

While the above decisions are helpful, the holdings do not directly answer the question now before us. Soler entered a dispositive plea to criminal discharge of a firearm at a dwelling, contrary to K.S.A. 21-4219. If the dwelling is unoccupied, the crime is a severity level 8 person felony; if occupied, a severity level 7 person felony; and if occupied and bodily harm occurs, a severity level 5 person felony. The question is: May the district court base a departure sentence on facts that establish a higher offense subclassification for the crime to which Soler entered a dispositive plea pursuant to plea negotiations?

The most persuasive legislative history of K.S.A. 21-4716 is found in the Recommendations of the Kansas Sentencing Commission submitted to the legislature on January 15, 1991. In its report the commission gave this telling explanation of proposed aggravating factors that would support a departure sentence:

> "In the guidelines system, the seriousness of criminal conduct is determined by the crime of conviction. Consequently, a departure sentence is not appropriate for elements of alleged offender behavior not within the definition of the offense of conviction. If the conviction is pursuant to a plea agreement as to the crime of conviction, a departure cannot be based on facts that would, if proven, establish a higher offense subclassification for the crime or result in a more serious crime of conviction.
>
> "For example, if an offender is convicted of robbery, the sentence should not be aggravated beyond the upper limit of the presumptive sentence range because the offender was actually armed with a dangerous weapon at the time of the robbery. This is not an aspect of the crime of conviction since it is clearly an element of aggravated robbery and not robbery. Since this aspect of the crime was not captured in the conviction, it should not later be used to impose an aggravated sentence for the conviction of the lesser offense." Chapter 9, p. 83.

We find the commission's reasoning to be persuasive as to the narrow issue before us. We hold that "[i]f the conviction is pursuant to a plea agreement as to the crime of conviction, a departure cannot be based on facts that would, if proven, establish a higher offense subclassification for the crime." Chapter 9, p. 83.

In the case before us, Soler was charged with the discharge of a firearm at an occupied dwelling. Pursuant to a plea bargain, he was only convicted of discharge of a firearm at an unoccupied dwelling, a lower offense subclassification. See K.S.A. 21-4219. Because the district judge based the upward departure on an element of the greater offense that had been reduced under the plea agreement, we conclude Soler's sentence must be vacated and returned to the district court for resentencing.

Our decision is a narrow refinement of the holding in *Keniston*. A district court is free to consider the real facts in determining whether to depart even if those facts would also support elements of an uncharged or dismissed offense; however, the district court cannot use real facts that establish elements of a greater degree of the same crime that was the subject of a plea agreement. A contrary result would be tantamount to indirectly ratcheting up the crime of conviction—a result clearly not intended by the legislature and inconsistent with public policy.

Our decision renders moot Soler's contention that the district court should not have given consideration to the victim impact statement at the departure hearing.

Sentence vacated and case remanded for resentencing.