No. 84,251

STATE OF KANSAS, *Appellee*, v. CHAD BENOIT, *Appellant*.

Original opinion filed June 28, 2002. Opinion on remand filed May 16, 2003.

*Niki Christopher* and *Peter Maharry*, assistant appellate defenders, *Steven R. Zinn*, deputy appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Richard A. Olmstead*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before RULON, C.J., ELLIOTT and JOHNSON, JJ.

ELLIOTT, J.: This case comes before us on remand from the Supreme Court. See *State v. Benoit*, No. 84,251, unpublished opinion filed June 28, 2002.

We affirm.

We had held that Benoit's upward dispositional departure sentence must be reversed pursuant to *State v. Gould*, 271 Kan. 394, 23 P.3d 801 (2001). Our decision proved to be incorrect when the Supreme Court decided *State v. Carr*, 274 Kan. 442, 53 P.3d 843 (2002).

In its remand order, the Supreme Court ordered us to reconsider our holding in light of *Carr* and to consider the remaining issues not addressed in our prior opinion. On reconsideration of our holding before, we reverse our previous position that there is no statutory authority to impose an upward dispositional departure. Under *Carr*, there is such statutory authority.

As to the remaining issues not considered in our previous opinion:

Chad Benoit appeals his sentence in No. 98 CR 1574. The crimes committed in 1574, combined with his criminal history, carried a presumptive probation sentence. Benoit was also convicted in case No. 98 CR 1704 and was sentenced on the same day as in 1574. The crimes of conviction in 1704, combined with criminal history, carried a sentence of presumptive imprisonment.

On its own motion and after proper notice, the trial court imposed an upward dispositional departure in 1574—sentencing Benoit to a controlling term of 27 months in 1574 and a concurrent controlling term of 14 months in 1704. These sentences run consecutive to all Missouri cases.

Benoit argues the upward dispositional departure sentence was not based on substantial and compelling reasons. See K.S.A. 2002 Supp. 21-4716(a); *State v. Rhoads*, 20 Kan. App. 2d 790, 799, 892 P.2d 918 (1995).

We review by a two-step process. First, we conduct an evidentiary inquiry to determine whether the facts stated by the sentencing court justifying departure are supported by the record. Second, we conduct a legal inquiry as to whether the reasons given are substantial and compelling reasons for departure. *State v. Crawford*, 21 Kan. App. 2d 859, Syl. ¶ 1, 908 P.2d 638 (1995).

The statutory list of aggravating and mitigating factors for departure is nonexclusive. The sentencing court may use a nonstatutory factor for departure so long as it is supported by the record and consistent with the intent and purpose of the guidelines; however, nonstatutory factors are subjected to greater scrutiny. *State v. Rodriguez*, 269 Kan. 633, 8 P.3d 712 (2000).

The sentencing court's comments at the sentencing hearing govern as to the reasons justifying departure. *State v. Mitchell*, 262 Kan. 434, 446, 939 P.2d 879 (1997).

Here, one of the reasons for departure was that the sentence in 1704 was presumptive imprisonment and therefore, it was impractical and unworkable to place Benoit on probation in 1574 at the same time he is being imprisoned in the other case, thus making Benoit not amenable to probation. This presents a question of law and our review is unlimited. See *State v. Murphy*, 270 Kan. 804, 806, 19 P.3d 80 (2001).

Without question, nonamenability to probation can be a substantial and compelling reason justifying an upward departure. See, *e.g., Rodriguez*, 269 Kan. at 647. In the present case, it would be most impractical for Benoit to serve prison time and probation either concurrently or consecutively. *Cf. State v. Dubish*, 236 Kan. 848, 854, 696 P.2d 969 (1985) (sentence of incarceration on one count and probation on another count not "harmonious").

Accordingly, imprisonment in another case becomes a "substantial and compelling" reason justifying departure as those terms are defined in *Rhoads*.

To counter this position, Benoit makes two arguments. First, he argues the record does not support the finding he was sentenced to prison in another case because the sentence in 1704 had not yet been pronounced when he was sentenced in 1574. We do note, however, that in the sentencing court's next breath, Benoit was sentenced in 1704. The record supports the factual finding Benoit was going to serve prison time in another case and, thus, was not amenable to probation.

Further, remand for resentencing would be a futile exercise and of no benefit to Benoit. On remand, the trial court would be allowed to state on the record substantial and compelling reasons for

departure. See *State v. Peters*, 25 Kan. App. 2d 354, Syl. ¶ 2, 964 P.2d 695 (1998). And the sentence imposed in 1704 would then certainly be part of the record even by Benoit's definition.

Second, Benoit argues that because 1704 (presumptive prison) was totally unrelated to 1574, the sentence in 1704 cannot be an aggravating circumstance for departure.

In *State v. Soler*, 25 Kan. App. 2d 1, 5, 957 P.2d 516 (1998), a panel of this court held an aggravating circumstance must be based on conduct of an offender that is contemporaneous with and rationally related to the crime of conviction. There, the sentencing court on its own motion upwardly departed because the possibility of injury or loss of life was greater than typical for the offense. 25 Kan. App. 2d at 1-2.

The *Soler* panel held:

"A district court is free to consider the real facts in determining whether to depart even if those facts would also support elements of an uncharged or dismissed offense; however, the district court cannot use real facts that establish elements of a greater degree of the same crime that was the subject of a plea agreement. A contrary result would be tantamount to indirectly ratcheting up the crime of conviction-a result clearly not intended by the legislature and inconsistent with public policy." 25 Kan. App. 2d at 7.

As we read *Soler*, the broad statement that the aggravating circumstances must be based on conduct that is contemporaneous with and rationally related to the underlying crime of conviction was unnecessary to the decision and was therefore dicta.

Further, this court and the Supreme Court have approved aggravating circumstances that are neither rationally related to nor contemporaneous with the crime of conviction. See, *e.g., State v. Rodriguez*, 269 Kan. at 646; *State v. Mitchell*, 262 Kan. 434, 447, 939 P.2d 879 (1997); *State v. Meyer*, 25 Kan. App. 2d 195, 960 P.2d 261, *rev. denied* 265 Kan. 888 (1998); *State v. Billington*, 24 Kan. App. 2d 759, 953 P.2d 1059 (1998); *State v. Trimble*, 21 Kan. App. 2d 32, 38, 894 P.2d 920 (1995).

Having reviewed several cases, we believe a more accurate statement of the law is that *generally*, an aggravating circumstance must be based on conduct of an offender that is contemporaneous with and rationally related to the underlying crime of conviction. *How-*

*ever,* when facts exist, though factually unrelated to the crime of conviction, that demonstrate the defendant is not amenable to probation, such facts may justify an upward departure. And those facts may include that defendant is sentenced to imprisonment in another case on the same date.

Our holding in the present case is in accord with *State v. Hawes,* 22 Kan. App. 2d 837, 841-42, 923 P.2d 1064 (1996), where we vacated an upward durational departure because the aggravating factor relied on was other uncharged conduct, unrelated to the crime of conviction. But in *Hawes,* the uncharged criminal conduct shed no light on defendant's amenability to probation. Our holding in the present case also squares with *Rodriguez, Mitchell, Meyer, Billington,* and *Trimble,* where facts unrelated to the current crimes of conviction bore directly on the defendants' nonamenability to probation.

We also need to clarify another rule stated in *Hawes,* where in Syl. ¶ 4 we stated: "A defendant's criminal history cannot be used to justify a departure sentence when the sentencing guidelines have already taken the criminal history into account in determining the presumptive sentence."

In the present case, the two convictions Benoit was sentenced on were cross-scored in his criminal history. See *State v. Roderick,* 259 Kan. 107, Syl. ¶ 4, 911 P.2d 159 (1996). In other words, Benoit's conviction in 1704 was included in his criminal history score in 1574, and vice versa. Pursuant to a literal reading of *Hawes,* Benoit's conviction in 1704 could not be used to justify a departure sentence in 1574.

However, in "those instances where prior convictions have been used as a substantial and compelling reason for departure, the focus of the sentencing court's inquiry is not the defendant's general criminal history, but specifically what that history says about the defendant's amenability to probation." *Hawes,* 22 Kan. App. 2d at 840. Such is the case here—the sentencing court did not depart solely because of the other conviction, but because the presumptive sentence in the other conviction rendered Benoit nonamenable to probation.

Having found one of the factors relied on by the sentencing court to be a substantial and compelling reason for departure, we need not address the other. See *State v. Ippert*, 268 Kan. 254, 261, 995 P.2d 858 (2000).

Affirmed.