NOT DESIGNATED FOR PUBLICATION

No. 115,515

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PATRICK ALLEN PRINTUP, JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed March 10, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before PIERRON, P.J., HILL, J., and WALKER, S.J.

*Per Curiam*:  In February 2014, Patrick Allen Printup, Jr., was charged with 11 counts of unlawfully obtaining control over stolen property. After a joint plea agreement that encompassed three separate criminal complaints, Printup pled no contest in this case to one count of unlawfully obtaining control over stolen property and agreed to pay restitution in an amount to be determined by the State. In exchange for his plea, the State agreed to recommend a total controlling sentence of 49 months' imprisonment with concurrent sentences for all sentences in all cases.

Following the recommendations of mental health professionals, the district court modified the terms of Printup's bond in order to allow him to attend inpatient drug treatment. The course of this case changed when Printup "ran from" the treatment facility

1

and was "missing for a significant amount of time." The transcript reveals that Printup skipped out on his bond for over 1 year. Consequently he was unavailable to testify for the State in prosecutions against his codefendants as he had promised under the plea agreement. He returned to custody only after being discovered by law enforcement. All parties to the plea agreement believed that Printup's absence freed the State from its obligation to recommend a lighter sentence.

At sentencing, Printup received a controlling sentence of 99 months' imprisonment in the drug case which was the companion to the stolen property case currently before this court. In our case the district court imposed the standard sentence of 9 months. The court acknowledged that the presumptive sentence required probation, but the court found that because Printup was already facing a prison sentence "in the other case," the court would order Printup to serve a prison term for this conviction as well, since the sentences were ordered to run concurrently. Printup filed a notice of appeal in this case challenging the sentence imposed. The 99-month sentence in his drug case was presumptive imprisonment and therefore unappealable under K.S.A. 2016 Supp. 21-6820(c)(1).

This case comes before the court pursuant to Printup's motion for summary disposition of a sentencing appeal under Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The motion summarizes his case and indicates that "no substantial question is presented by this appeal."

The journal entry of sentencing reveals that Printup was given a prison sentence even though the presumptive sentence called for probation. The district court obviously relied on Printup's companion prison sentence as justification for departing from probation. There are situations where it may be "impractical and unworkable" to place a defendant on probation at the same time that imprisonment is required in another case. The effect of this dual disposition can lend itself to a finding that the defendant is not

2

amenable to probation. See *State v. Benoit*, 31 Kan. App. 2d 591, 593, 97 P.3d 497 (2002).

The record shows that Printup's 9-month sentence for the stolen property conviction in this case was ordered to run concurrent with the 99-month controlling sentence out of his other case in Leavenworth County. Since it is logically impossible for Printup to serve a probation sentence in this case while doing a 99-month prison term in the drug case, the district court did not err in not following the statutory presumption. To do so would have been impractical and unworkable and thus Printup clearly was not amenable to probation under the holding in *Benoit*.

Affirmed.