NOT DESIGNATED FOR PUBLICATION

No. 123,454

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LARRY STEVENSON,
*Appellant*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Opinion filed September 17, 2021. Affirmed.


Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).


Before BRUNS, P.J., SCHROEDER and GARDNER, JJ.


PER CURIAM: Larry Stevenson appeals the district court's revocation of his probation. We granted Stevenson's motion for summary disposition under Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). Finding no abuse of discretion, we affirm.


In September 2018, Stevenson pleaded guilty to three counts of misdemeanor battery. The district court sentenced Stevenson to concurrent six-month jail terms for each count but granted Stevenson six months' supervised probation. Stevenson did not appeal.


1

Stevenson later admitted to violating his probation in December 2018. The district court revoked but reinstated Steven's probation under the same terms and conditions.

The State filed a warrant in January 2020, alleging Stevenson had violated the terms of his probation and committed new offenses. Stevenson pleaded guilty to a new felony offense in a separate criminal case, 19 CR 1427. As a part of his plea agreement, Stevenson agreed not to argue against the State's recommended 34-month prison sentence. In July 2020, the district court accepted the State's recommendation and sentenced Stevenson to 34 months' imprisonment in 19 CR 1427. Finding Stevenson had committed a new crime, the district court also revoked Stevenson's probation and ordered him to serve his six-month jail sentence. The court awarded Stevenson 366 days of jail credit but noted that Stevenson could not receive duplicate credit for time he had served while incarcerated for other matters. But even after subtracting any potentially overlapping time, Stevenson had at least 187 days of jail credit in this case, 18 CR 18, per the journal entry.

*Stevenson timely appeals the revocation of his probation.*

Stevenson concedes that a remedy is unavailable because he already finished serving his sentence, citing *State v. Kinder*, 307 Kan. 237, 243-44, 408 P.3d 114 (2018) (probation operates to replace a term of imprisonment and therefore cannot be imposed if the prison sentence has been completed). Stevenson also cites *State v. Benoit*, 31 Kan. App. 2d 591, 593, 97 P.3d 497 (2003), where this court deemed it "impractical" to place a defendant on probation while ordering the defendant to serve a prison sentence in another case. The State argues that Stevenson's appeal is moot and requests dismissal, citing *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012).

2

Kansas appellate courts do not decide moot questions or render advisory opinions. *Montgomery*, 295 Kan. at 840. We review questions of mootness de novo. *State v. Roat*, 311 Kan. 581, 590, 466 P.3d 439 (2020).

"In an appeal solely challenging a sentence, the party asserting mootness may establish a prima facie showing of mootness by demonstrating that the defendant has fully completed the terms and conditions of his or her sentence." *Roat*, 311 Kan. at 593. The State relies on the journal entry but does not provide us with documentation showing the Kansas Department of Corrections (KDOC) released Stevenson on the date shown in the journal entry. And we cannot make such an inquiry into KDOC records on our own. See *State v. Yazell*, 311 Kan. 625, 629-31, 465 P.3d 1147 (2020). We therefore decline to apply the mootness doctrine and instead address the merits. See *Roat*, 311 Kan. at 590 (characterizing mootness as a prudential doctrine, not a jurisdictional bar to appellate review).

Stephenson argues that the district court abused its discretion by revoking his probation. See *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008) (once the State has proven a violation of the conditions of probation, the decision to revoke probation is within the district court's sound discretion). A judicial action constitutes an abuse of discretion if it is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). Stephenson does not allege legal or factual error. See K.S.A. 2017 Supp. 22-3716(b)(3)(B)(iii) (if crime of conviction was a misdemeanor and a violation is established, the court may revoke defendant's probation); K.S.A. 2017 Supp. 22-3716(c)(8)(A) (allowing courts to skip intermediate sanctions when a defendant commits a new felony or misdemeanor while on probation for a felony offense). So Stephenson bears the burden to convince us that no reasonable person would have taken the view

adopted by the district court. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Stevenson fails to meet his burden. When Stevenson admitted violating his probation in December 2018, the district court gave him the benefit of the doubt by revoking but reinstating Steven's probation under the same terms and conditions. But when Stevenson again violated the terms of his probation and committed a new felony, the district court revoked Stevenson's probation and ordered him to serve his six-month jail sentence. We cannot agree that no reasonable person would have done the same. We find no error in the district court's decision.

Affirmed.