NOT DESIGNATED FOR PUBLICATION

No. 123,455

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KRISTAL DAWN GASKILL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed December 17, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before ATCHESON, P.J., CLINE and HURST, JJ.

PER CURIAM: Kristal Dawn Gaskill appeals the district court's revocation of her probation and the imposition of her underlying prison sentence. This court granted Gaskill's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). The State responded and agreed that summary disposition was appropriate. After reviewing the record on appeal and finding no error, the district court's decision to revoke Gaskill's probation and impose her underlying prison sentence is affirmed.

1

FACTUAL AND PROCEDURAL BACKGROUND

Gaskill is accused of, over the period of a couple years, committing several probation violations related to two separate criminal cases. In December 2017, a jury convicted Gaskill of two counts of violation of a protection order in case 17-CR-2355. The district court subsequently sentenced Gaskill to 12 months of probation, with two underlying 12-month jail sentences, to run concurrently. Gaskill appealed, and a panel of this court affirmed her convictions. *State v. Gaskill*, No. 118,793, 2019 WL 406098 (Kan. App. 2019) (unpublished opinion).

In April 2018, the State filed a warrant that alleged Gaskill violated her probation when she

- committed new crimes;
- possessed or used alcohol and/or drugs;
- admitted she would have failed a drug test;
- failed to make payments on courts costs; and
- failed to successfully complete a domestic violence offender assessment.

A few days later, in a separate case—18-CR-869—the State charged Gaskill with burglary, theft, and possession of drug paraphernalia for use. At a plea hearing in June 2018, Gaskill pled no contest to the new charges. In return for her plea, the State agreed to recommend the counts run concurrent with one another, but consecutive to her prior case where she was convicted of violating the protection order.

In September 2018, the State filed another warrant which alleged Gaskill violated her probation when she committed additional new crimes. At a probation violation hearing in January 2019, Gaskill admitted to the allegations in the April 2018 warrant— except for the allegation she committed new crimes concerning case 18-CR-869—and

2

denied all the allegations in the September warrant. As a result, the district court revoked and reinstated her probation in case 17-CR-2355, extending it for 12 months.

In May 2019, the district court issued Gaskill an order to appear. After Gaskill failed to report to her probation officer, the State filed an additional warrant that alleged numerous probation violations. In July 2019, Gaskill admitted to the probation violations and served a 48-hour jail sanction for case 17-CR-2355. In October 2019, the State filed another warrant that alleged numerous probation violations. In January 2020, the State filed an additional warrant that alleged Gaskill committed several new crimes, which eventually resulted in additional criminal charges.

Following the evidentiary hearing in June 2020, the district court revoked Gaskill's probation in both cases 17-CR-2355 and 18-CR-869 and ordered her to serve her underlying sentences. As such, the district court ordered her to serve a 12-month jail sentence in 17-CR-2355. However, Gaskill had already served that amount of jail time while awaiting disposition. The district court's journal entry stated: "Defendant time served in 17CR2355 on 06/04/20. Excess duplicate incarceration credit after 06/04/20 has been applied to the incarceration credit awarded in consecutive case number 18CR869."

Gaskill appeals the district court's revocation of her probation in case 17-CR-2355. In a separate case, she also appeals the district court's revocation of her probation in 18-CR-869—that appeal is currently pending in this court and is not part of the present case.

ANALYSIS

Although it appears Gaskill has served her underlying 12-month jail sentence in 17-CR-2355 and thus her appeal may be moot—the parties only reference the journal entry for the conclusion that she has served her sentence. The record does not include documentation establishing Gaskill's sentence completion, and because mootness is

3

prudential this court will consider the merits of her claims but not determine if her claims are now moot. See *State v. Yazell*, 311 Kan. 625, 631, 465 P.3d 1147 (2020) (requiring proof of prisoner release); *State v. Roat*, 311 Kan. 581, 590, 466 P.3d 439 (2020) (holding that the mootness doctrine is not jurisdictional).

On appeal, Gaskill claims the district court abused its discretion by revoking her probation and ordering her to serve her underlying prison sentence. This court reviews a district court's decision to revoke probation for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A district court's probation revocation constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). Gaskill bears the burden of showing an abuse of discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Following the evidentiary hearing in June 2020, the district court concluded that while Gaskill was on probation, she committed the new offense of fleeing or attempting to elude law enforcement. As reflected in the journal entry, the district court relied on K.S.A. 2019 Supp. 22-3716(c)(7)(C) to revoke Gaskill's probation—the statute allows a district court to revoke probation if "the offender commits a new felony or misdemeanor while the offender is on probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction."

Gaskill does not allege the district court made an error of fact or law, so this court must determine whether she has shown that no reasonable person would have taken the action adopted by the district court. The district court revoked, but reinstated and extended her probation in January 2019, and issued a jail sanction for the allegations in the July 2019 hearing. It was not until June 2020, at Gaskill's third probation violation hearing for case 17-CR-2355, that the district court revoked probation after finding Gaskill committed a new crime and multiple new probation violations—including failure

4

to report to her intensive supervision officer, failure to attend substance abuse treatment, failure to report for intake, and violation of traffic laws. The district court ultimately revoked Gaskill's probation for committing the new crime of fleeing or attempting to elude law enforcement. The district court gave Gaskill multiple opportunities to remain on, and complete, her probation for case 17-CR-2355. She repeatedly failed to comply with probation requirements. This court cannot say it was arbitrary or unreasonable for the district court to revoke Gaskill's probation under these circumstances.

Furthermore, the district court also revoked Gaskill's probation in case 18-CR-869 and ordered her to serve her underlying sentence of 26 months' imprisonment. This court has previously found it impractical and unworkable for a defendant to be placed on probation in one case while being imprisoned in another. See *State v. Benoit*, 31 Kan. App. 2d 591, 593, 97 P.3d 497 (2002).

Gaskill argues the district court abused its discretion when it revoked her probation and imposed her underlying sentence. However, because she committed a new crime and had previously committed numerous other probation violations, the district court's decision was reasonable. Additionally, revocation of her probation for the 17-CR-2355 case while imprisoned for the 18-CR-869 case is also reasonable. The district court did not abuse its discretion.

Affirmed.