(908 P.2d 656)

No. 72,618

STATE OF KANSAS, *Appellee*, v. ELMER JOSEPH KENISTON, *Appellant.*

Opinion filed December 22, 1995.

*Edward G. Collister, Jr.*, special appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*John K. Bork*, assistant attorney general, and *Carla J. Stovall*, attorney general, for appellee.

Before RULON, P.J., MARQUARDT, J., and E. NEWTON VICKERS, District Judge Retired, assigned.

RULON, J.: Elmer Joseph Keniston, defendant, appeals the departure sentence imposed as a result of his nolo contendere plea to one count of rape, K.S.A. 1993 Supp. 21-3502. He also pled nolo contendere to one count of aggravated criminal sodomy, K.S.A. 1993 Supp. 21-3506(a)(3); one count of aggravated burglary, K.S.A. 1993 Supp. 21-3716, and one count of aggravated robbery, K.S.A. 1993 Supp. 21-3427; he does not appeal these sentences. We affirm.

Essentially, we must decide if the district court found there were substantial and compelling reasons to impose a departure sentence for the rape conviction.

Distilled, the facts are as follows:

On December 16, 1993, at 10:15 p.m., as 80-year-old E. D. was walking from her living room to her bedroom, she was grabbed from behind. Her assailant threw her to the floor, breaking her leg. The attacker then dragged her to her bedroom, threw her on the bed, tied her up, and raped and sodomized her.

E. D. testified she caught a glimpse of her attacker and positively identified the defendant. After the rape, defendant rummaged through the house, taking several items and some cash. After defendant left, E. D. activated her Lifeline emergency transmitter and summoned help.

Defendant subsequently entered a nolo contendere plea to one count of rape, a severity level 2, person felony; one count of aggravated criminal sodomy, a severity level 2, person felony; aggravated burglary, a severity level 5, person felony; and one count of aggravated robbery, a severity level 3, person felony. In exchange for the plea, the State dismissed one count of aggravated kidnapping and one count of aggravated battery. The district court sentenced defendant to 170 months for the rape conviction, 77 months for the aggravated criminal sodomy conviction, 51 months for the aggravated robbery conviction, and 34 months for the aggravated burglary conviction. All sentences were to run consecutively.

The sentencing court departed from the presumptive durational sentence on the rape conviction, finding that the victim was particularly vulnerable due to age, infirmity, and reduced physical or mental capacity which were or should have been known by the offender. The court further found the defendant's actions manifested excessive brutality to the victim in a manner not normally present. In support of the departure the court noted the victim was 80 years old and that fact should have been known by defendant. The court further noted that because of the brutality of the crime, the victim suffered either a fractured pelvis or femur, is now unable to care for herself, is bound to the use of a walker or wheelchair, and has suffered emotional trauma resulting in flashbacks and nightmares.

## SUBSTANTIAL AND COMPELLING REASONS

Whether a sentencing court's reasons for departing from a presumptive sentence are substantial and compelling is a question of law, and this court's review is plenary. *State v. Grady*, 258 Kan. 72, 79, 900 P.2d 227 (1995); *State v. Richardson*, 20 Kan. App. 2d 932, 939-40, 901 P.2d 1 (1995). The term "substantial" refers to something that is real, not imagined, something with substance and not ephemeral. The term "compelling" implies that the facts of a case compel the sentencing court to leave the status quo or go beyond what is ordinary. *State v. Rhoads*, 20 Kan. App. 2d 790, Syl. ¶ 3, 892 P.2d 918 (1995). Additionally, the appellate court should examine the sentencing court's reasons for departure in light of the purposes of the sentencing guidelines and the aggravating and mitigating factors listed in K.S.A. 1993 Supp. 21-4716 and K.S.A. 1993 Supp. 21-4717. An appellate court's review of the sentencing court's reasons for departing is limited to the court's findings enunciated at sentencing. 20 Kan. App. 2d 932, Syl. ¶ 3.

Here, the sentencing court said:

"The Court finds, first of all, that there were aggravating factors which are a basis for the departure on the rape conviction, and the Court finds that the victim was particularly vulnerable due to age, infirmity, reduced physical or mental capacity which was known or should have been known to the offender, and the Court further finds that the defendant's conduct during the commission of the crime manifested excessive brutality to the victim in a manner not normally present in

that offense, and without recapping the evidence in detail, it's clear that the victim here was an 80 year old woman. That was known or should have been known to Mr. Keniston. This was certainly a brutal, senseless act against this elderly woman, and I understand that this crime is defined by the legislature as a violent act, but the—as a result of this, and to show that this was an extremely violent act, the victim now has had, including a fractured either pelvis or femur, has been—is unable to be self-sufficient now. She must live with her daughter. She's wheelchair bound or limited to the use of a walker with assistance, so clearly—together with the equally important psychological impact upon a person, with flashbacks and the nightmares, which, of course, she will live with the rest of her life, so the Court feels clearly this has been shown by the evidence, and then the excessive brutality, of course, is shown by the fact that the physical injuries to the—to the victim, and the Court—for those reasons, the Court makes the departure with respect to the crime of rape."

K.S.A. 1993 Supp. 21-4716(b)(2) contains a nonexclusive list of aggravating factors to be used in determining whether substantial and compelling reasons exist for a departure sentence. Among the aggravating factors listed are:

"(A) The victim was particularly vulnerable due to age, infirmity, or reduced physical or mental capacity which was known or should have been known to the offender.

"(B) The defendant's conduct during the commission of the current offense manifested excessive brutality to the victim in a manner not normally present in that offense."

A review of the record indicates to us there was substantial competent evidence to support both of the above factors. Defendant told a KBI agent that he walked into the victim's house, where he observed an older woman lying on the couch. Clearly, defendant knew the victim was an elderly woman, thus supporting the sentencing court's finding the victim was vulnerable due to age which was known or should have been known by the offender.

This record shows that during the attack, defendant knocked the victim to the floor, dragged her to her bed, and tied her up. Defendant repeatedly threatened to cut off the victim's head. In addition to the broken hip or femur, the victim also had a tooth knocked out.

Defendant argues the sentencing court could not find excessive brutality as an aggravating factor because, in the original complaint, the State alleged the fact that the victim suffered a broken hip to

support the charge of aggravated battery, a charge which was subsequently dropped. According to defendant, case law from the states of Washington, Minnesota, and Oregon establish that one who pleads guilty to a lesser offense may not have his or her sentence enhanced by facts that show the defendant could have been convicted of a greater offense.

In the state of Washington, statutes specifically prohibit the use of "real facts" which establish elements of a higher or more serious crime, or additional crimes, as justification for imposing a departure sentence, except upon stipulation. Wash. Rev. Code § 9.94A.370 (1994). Kansas, however, has no such statutory limitation.

Defendant further cites several Minnesota cases which stand for the general proposition that a departure sentence cannot be based on charges that have been dismissed as part of a plea bargain. The Minnesota courts have consistently resisted this "ratcheting up" of sentences. *State v. Simon*, 520 N.W.2d 393, 394 (Minn. 1994) (The chief concern appears to be that a defendant could be given an enhanced sentence for a charge the prosecution either could not or chose not to prove.).

The Oregon case cited by defendant is not relevant to the instant facts.

Here, this record shows that the facts supporting the departure sentence, while possibly elements of a separate crime, were not the crimes dismissed by the prosecution. While the physical injury suffered by the victim is certainly an element that could support a charge of aggravated battery, the simple fact is that the court did not depart because defendant committed a battery, but because of the brutality of the rape, which included the considerable physical injury to the victim. There is a difference between using dismissed or uncharged crimes as a reason to depart and using acts connected with the instant offense which could be an element of a different offense. The former might be objectionable for policy reasons to prevent the imposition of a sentence more appropriate for a more serious crime when the State has only been required to prove a lesser offense. However, the latter does not violate any of the purposes of the sentencing guidelines.

Defendant further argues that the victim in this case suffered no more emotional harm than is normally associated with a "typical" rape. However, the evidence at sentencing established this victim suffered substantial emotional as well as physical injury as a result of the rape and thus can no longer live alone or be self-sufficient.

Finally, defendant claims there is insufficient evidence in the record to show that he knew or should have known of the victim's advanced age and, therefore, the use of vulnerability due to age as a reason for departing was in error. Defendant claims there was evidence he was intoxicated, which was corroborated by the victim's testimony that he could not complete the forced sex act and, therefore, a reasonable doubt exists as to whether he could have known the victim's age. This claim is not supported by the record, as defendant told the KBI agent that upon entering the house, he observed an "older woman" on the couch.

Affirmed.