No. 120,657

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ARDLANDERS GIBSON,
*Appellant*.

SYLLABUS BY THE COURT

1.

Kansas uses sentencing guidelines to help make the sentences given throughout the state consistent. The sentencing court must impose the presumptive sentence unless the judge finds substantial and compelling reasons to impose a departure sentence.

2.

A statute, K.S.A. 2018 Supp. 21-6815, provides lists of mitigating and aggravating circumstances the sentencing court may consider in deciding whether to depart. Mitigating factors support downward departures; aggravating factors support upward departures. Although each list is nonexclusive, if something is listed as a factor on one of the two lists, the absence of that factor on the counterpart list means that it may not be the basis for a departure in that departure direction.

3.

Because less-than-typical harm is in the list of mitigating factors but greater-than-typical harm is not included in the list of aggravating factors, greater-than-typical harm may not be the basis for an upward-departure sentence.

Appeal from Geary District Court; MARITZA SEGARRA, judge. Opinion filed December 20, 2019. Sentences vacated and case remanded with directions.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Tony Cruz*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD BURGER, C.J., LEBEN and SCHROEDER, JJ.

LEBEN, J.: Ardlanders Gibson's presumptive sentence under Kansas guidelines was probation, but the district court sentenced him to prison based on the court's finding that the harm from his crimes was greater than usual. That's because Gibson's criminal use of his brother's identity led to the brother's arrest.

But the Legislature has set out lists of aggravating and mitigating factors for sentencing courts to consider. And under what it calls the statutory-counterpart rule, the Kansas Supreme Court has held that when a specific factor is set out in one of the statutory lists but not the other, the opposite factor isn't available as a reason for a departure sentence.

The Legislature included as a mitigating factor that the harm from a crime was atypical on the low side but did not include as an aggravating factor that the harm was atypical on the high side. That makes the district court's reliance on greater-than-usual harm an improper basis for a departure sentence, so we vacate Gibson's sentences and remand the case for resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

Most people wouldn't know their brother's Social Security number, but Ardlanders Gibson did. So when he was arrested on drug charges, he gave his brother's name, date of birth, and Social Security number. When the man who had been arrested didn't show up for a hearing, the State issued a warrant—for the brother. And the brother was arrested.

Officers soon found that the fingerprints of the person arrested didn't match those on file. They released the brother and tracked down Gibson. And he faced two new charges—identity theft (for claiming to be his brother) and perjury (for signing a form at the jail with his brother's identity information).

Eventually, Gibson and the State entered into plea agreements in two separate criminal cases—one with the drug charges and one charging identity theft and perjury. Our state's sentencing guidelines provide a presumptive sentence for most offenses based on a sentencing grid. That grid depends on two factors—the severity level of the offense and the defendant's criminal-history score.

Under the guidelines, Gibson had a presumptive prison sentence in the drug case but a presumptive probation sentence for identity theft and perjury. The court gave Gibson a 62-month prison sentence in the drug case; that sentence is not at issue in this appeal, which is only from the case with identity theft and perjury convictions.

On the identity theft and perjury convictions, the State filed a motion for a dispositional-departure sentence of prison rather than probation. The State cited several reasons in the motion, but the main one was the arrest of Gibson's brother. And that was what the district court relied on when it granted the motion:

"As to the identity theft, although I can't use the elements [of the crime] to consider a departure, I certainly consider the effects of what he did on another person, and how those would be much more serious and aggravating than . . . that which would usually happen. . . . There are bench warrants that are issued for his arrest and his brother ends up getting arrested in Las Vegas. He was detained by law enforcement for a period of time until they could verify, through fingerprints, . . . that his brother was not the defendant in this matter. His actions—the Court finds substantial and compelling for this Court to—to grant a dispositional departure in this matter and remand him to prison. And the Court is going to do so."

The court sentenced Gibson to 21 months in prison for perjury (the more serious of the two felony offenses) and 8 months for identity theft. Those sentences were concurrent with each other but consecutive to the 62-month prison sentence entered in the drug case.

Gibson has appealed the sentences, arguing that the court should have given him the presumptive probation sentences.

ANALYSIS

Kansas uses sentencing guidelines to help make the sentences given throughout the state consistent. The sentencing court must impose the presumptive sentence unless the judge finds substantial and compelling reasons to impose a departure sentence. *State v. Bird*, 298 Kan. 393, Syl. ¶ 1, 312 P.3d 1265 (2013). That departure could either be a durational departure, meaning a sentence longer or shorter than the guidelines call for, or a dispositional departure, meaning that the defendant goes to prison instead of getting probation (or vice versa). See 298 Kan. at 397-98; *State v. Ballard*, 289 Kan. 1000, 1008-09, 218 P.3d 432 (2009).

Here, the sentencing court made a dispositional departure, sending Gibson to prison even though the guidelines called for probation. The court gave a single

4

explanation for its departure: that "the effects of what he did on another person . . . [were] more serious and aggravating than . . . that which would usually happen."

Gibson argues that this reason for the departure—that the harm caused was greater than normal—cannot, as a matter of law, justify a departure sentence. That presents a legal question that we must consider independently, with no required deference to the district court. *State v. Spencer*, 291 Kan. 796, 807, 248 P.3d 256 (2011).

As we will explain in a moment, two Kansas Supreme Court cases control the result on that question. Before we get to them, we note that neither party discusses them in their appellate briefs. Although Gibson's general argument is that the district court's basis for the departure can never be a valid basis for a departure, he makes two specific arguments in his brief unrelated to the cases we will discuss. First, he argues that the possibility that someone might be arrested when another person uses their identity is foreseeable, so the Legislature must have factored that into account when it placed identity-theft penalties into the guidelines. Second, he argues that the victim of the perjury was the government, to whom the form (which sought appointed counsel) was addressed, not his brother. So harm to his brother wouldn't relate to that conviction, he argues. We do not find those specific arguments important here because we find Gibson's general claim—that the district court's departure basis of greater-than-typical harm can never be a valid basis for departure—correct based on our Supreme Court's precedents.

The State does not discuss those precedents, either. Instead, the State ignores the district court's stated rationale for the departure and argues that another one listed in the statute as a departure factor—that Gibson breached a fiduciary duty to his brother—applies. But the State didn't suggest that as a departure reason in the district court, and the district court didn't adopt that as a basis for its departure. We are limited to considering only the reasons the district court gave at the sentencing hearing to support its departure

sentence. See *State v. Blackmon*, 285 Kan. 719, 725, 176 P.3d 160 (2008); *State v. Cato-Perry*, 50 Kan. App. 2d 623, 629-30, 332 P.3d 191 (2014).

So we turn our attention to the single reason the district court gave—that the harm from this crime was atypically severe. We must consider that reason within the context of the statute the district court must apply and our Supreme Court's caselaw interpreting that statute (or its essentially identical predecessors).

Today, K.S.A. 2018 Supp. 21-6815 provides nonexclusive lists of mitigating and aggravating factors the district court may consider to determine whether substantial and compelling reasons exist to depart. Six mitigating factors are set out in subsection (c)(1) and six aggravating factors are set out in subsection (c)(2). One of the mitigating factors listed is that "[t]he degree of harm or loss attributed to the current crime of conviction was significantly less than typical for such an offense." K.S.A. 2018 Supp. 21-6815(c)(1)(E). That's the opposite of what the district court relied on. But the list of statutory aggravating factors doesn't include a corresponding factor for the harm being *greater* than typical.

That brings us to two Kansas Supreme Court cases in which, as here, the trial court departed based on a factor that was the opposite of one listed when that opposite was not included in the statute:

- In *State v. Favela*, 259 Kan. 215, 911 P.2d 792 (1996), the sentencing court cited as a mitigating factor for a lesser sentence the defendant's young age. The sentencing statute in effect at that time, K.S.A. 1994 Supp. 21-4716(b)(2)(A), listed as an aggravating factor that "[t]he victim was particularly vulnerable due to age," but subsection (b)(1) did not list age of the defendant as a mitigating factor. The court concluded that the absence of age in the list of mitigators was intentional, so the defendant's age alone could not be a downward-departure factor. 259 Kan. at 235.

6

- In *State v. Martin*, 279 Kan. 623, 112 P.3d 192 (2005), the sentencing court cited as an aggravating factor that the defendant had played a major role as the ringleader or kingpin among those who committed the crime. The sentencing statute in effect at that time, K.S.A. 2003 Supp. 21-4716(c)(1)(B), included a mitigating factor when "[t]he offender played a minor or passive role in the crime," but subsection (c)(2) did not list an aggravating factor that the offender played a major role. The court said that "the legislature's silence on kingpin status is legally significant because it contrasts with the legislature's expression on a minor role." 279 Kan. at 628. The court held that "[b]eing the ringleader of a criminal enterprise is not an aggravating factor that justifies the imposition of a departure sentence," 279 Kan. 623, Syl. ¶ 2, and vacated the upward-departure sentence. 279 Kan. at 628.

Our case fits the rule laid out in *Favela* and *Martin*. There's a statutory mitigating factor when "[t]he degree of harm or loss . . . was significantly less than typical." K.S.A. 2018 Supp. 21-6815(c)(1)(E). But there's no counterpart in the statutory aggravating factors for greater harm than normal. As our Supreme Court said in *Martin*, "Valid unlisted factors . . . do not have counterparts included in a statutory list." 279 Kan. at 628. The district court's chosen factor—that the harm was greater than normal—*has* a counterpart in the statutory list. So the converse of the statutorily listed item, relied on here by the district court, is not a valid departure factor since it is not found in the statute.

Although our path seems clear enough from *Favela* and *Martin*, there is one more Kansas Supreme Court case to discuss. In a case involving a different person named Martin, *State v. Martin*, 285 Kan. 735, 175 P.3d 832 (2008) (*Martin II*), the court faced a somewhat different situation. In *Martin II*, the defendant had told her son (a codefendant) to shoot into an occupied home. The statute made it an aggravating factor if "a fiduciary relationship . . . existed between the defendant and the victim." K.S.A. 2005 Supp. 21-4716(c)(2)(D). Unlike *Favela* and *Martin*, the district court in *Martin II* didn't try to rely

on a corresponding *opposite* factor that wasn't listed. Instead, the court found an unlisted *similar* factor in that the mother had a fiduciary relationship to a codefendant.

The State argued in *Martin II* that the court should overrule *Martin* and *Favela.* But the court declined that invitation. *Martin II*, 285 Kan. at 742. Instead, it rejected an interpretation "that any time a particular concept is listed in the statute as an aggravator, no variation on that theme could serve as any basis for an aggravator." 285 Kan. at 742. The list of aggravating and mitigating factors itself says it's a nonexclusive list. So *within* a category, a somewhat different factor may well be a valid departure factor even though something similar is listed. 285 Kan. 735, Syl. ¶¶ 4-5.

But *between* categories, *Favela* and *Martin* tell us that if something is directly listed in one category, the opposite thing—when omitted from the opposite list—is not a valid departure factor. *Martin*, 279 Kan. at 628; *Favela*, 259 Kan. at 805-06. That rule was not violated by the departure sentence in *Martin II*: "In short, because the sentencing court's aggravating factor . . . does not have a counterpart *in the opposite statutory mitigating factor list*, the counterpart rule does not bar it as a valid unlisted factor for departure." (Emphasis added.) 285 Kan. at 742. But the court left what it called "the statutory counterpart rule" from *Favela* and *Martin* in place. See *Martin II*, 285 Kan. at 740-43.

Our court must follow Kansas Supreme Court precedents unless that court has given some indication that it is moving in a different direction. *State v. Carter*, 54 Kan. App. 2d 34, 44, 395 P.3d 458 (2017). The State directly asked the court in *Martin II* to overrule *Favela* and *Martin*, but the court did not do so. So we continue to apply them. The departure statute has a mitigating factor for harm "significantly less than typical." K.S.A. 2018 Supp. 21-6815(c)(1)(E). That mitigating factor does not have a counterpart in the opposite aggravating factor list. So the district court may not use greater-than-typical harm as an aggravating factor.

8

Our court has one precedent in accord with this ruling, *State v. Sewell*, 25 Kan. App. 2d 731, 971 P.2d 1201 (1998). In it, the sentencing court had departed based on the aggravating factor that the degree of harm was more than typical, which was not a statutorily listed factor. Then, as now, the counterpart list in the statute for mitigating factors listed "[t]he degree of harm or loss . . . was significantly less than typical" as a mitigating factor. K.S.A. 1997 Supp. 21-4716(b)(1)(E). Our court concluded that the omission of greater-than-normal harm meant that greater-than-normal harm couldn't be the basis for a departure sentence. 25 Kan. App. 2d at 733-34. Although our court didn't cite the 1996 *Favela* decision, the result in *Sewell* was consistent with it. And it's also similar to Gibson's case.

Our discussion so far has squarely addressed the identity-theft conviction: all agree that Gibson's brother was the victim of that crime, and greater-than-normal harm suffered by the victim can't be the basis for a departure. But Gibson made a somewhat different argument on appeal about the perjury conviction. There, Gibson argued that the victim of his perjury was the government, not his brother. Even if we assume that to be the case, though, it wouldn't change the result on appeal.

If the perjury victim were the government, then there'd be another problem with using harm to the victim as a departure basis: there's no factual basis that the government suffered greater than normal harm. The form Gibson signed under penalty of perjury was one asking for appointed counsel based on his inability to afford an attorney. But Gibson was entitled to an appointed attorney; he received one after his identity was discovered and he was arrested. There must also be a factual basis for the departure, *State v. Minor*, 268 Kan. 292, 312, 997 P.2d 648 (2000), and there would be no factual basis to conclude that the government suffered greater-than-normal harm from Gibson's false statements on a form.

In our view, though, the sole basis of the district court's departure was that the harm to the victim, Gibson's brother, was greater than usual. So that's the rationale we must examine on appeal. Greater-than-normal harm to the victim is not a valid departure factor under *Favela* and *Martin*, so the departure sentences were improper.

We therefore vacate the sentences imposed here and remand the case to the district court for resentencing.