NOT DESIGNATED FOR PUBLICATION

No. 122,801

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHAUN CALVERT,
*Appellant*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; MICHAEL A. RUSSELL, judge. Opinion filed May 14, 2021. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Daniel G. Obermeier*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before GARDNER, P.J., GREEN and BUSER, JJ.


PER CURIAM: Shaun Calvert appeals the trial court's denial of his dispositional departure motion, arguing that the specific facts of his case provided the trial court with substantial and compelling reasons to sentence him to probation instead of prison. Yet, because Calvert's underlying argument is unpersuasive, we affirm the denial of his departure motion.

1

The State charged Calvert with possession of marijuana with intent to distribute, a severity level 2 nonperson felony in violation of K.S.A. 2017 Supp. 21-5705(a)(4). Eventually, Calvert entered into a plea agreement with the State. Under his plea agreement, Calvert agreed to plead guilty as charged in exchange for the State's promise to not press "any further charges" against him "arising out of [its] current investigation" as well as the State's promise to "stand silent" should Calvert later request a dispositional departure to probation. After pleading guilty to possessing marijuana with the intent to distribute in accordance with his plea agreement, however, Calvert failed to appear at his sentencing hearing. As a result, the trial court issued a bench warrant for Calvert's arrest.

Ultimately, the police arrested Calvert on the bench warrant. Following his arrest but before his rescheduled sentencing, Calvert filed a departure motion with the trial court. In his departure motion, Calvert recognized that his minimum presumed sentence under the Kansas Sentencing Guidelines Act (KSGA) was 122 months' imprisonment based on his criminal history score of B. All the same, he argued that the specific facts of his case provided the trial court with substantial and compelling reasons to dispositionally depart from his presumptive prison sentence. Alternatively, he argued that the same substantial and compelling reasons entitled him to a durational departure to 65 months' imprisonment.

But at his sentencing, the trial court rejected Calvert's request to impose a dispositional departure sentence. It instead found that Calvert had merely provided it with substantial and compelling reasons to durationally depart from his presumptive KSGA prison sentence. It then sentenced him to 65 months' imprisonment followed by 36 months' postrelease supervision.

Calvert timely appealed the trial court's denial of his dispositional departure motion.

ANALYSIS

Calvert's sole argument on appeal is that the trial court abused its discretion by denying his dispositional departure motion. In particular, Calvert argues that the trial court acted unreasonably by denying his dispositional departure motion because he had provided the trial court with the following substantial and compelling reasons entitling him to the departure: (1) his limited criminal history, (2) his prior successful completion of probation, (3) his limited role in his underlying crime, (4) his acceptance of responsibility for his underlying crime, (5) his ability to maintain employment, (6) his desire to pay his child support obligations, (7) his desire to foster a relationship with his minor children, (8) his willingness to complete substance abuse treatment for his drug addiction, (9) his ability to maintain sobriety while in jail awaiting his rescheduled sentencing hearing, and (10) his history of mental illness. As to his final point, like he did before the trial court, Calvert argues that his history of mental illness constituted a substantial and compelling reason entitling him a dispositional departure because it was his mental illness that resulted in him failing to appear at his original sentencing hearing.

The State counters and maintains that the trial court properly denied Calvert's dispositional departure motion. In short, the State contends that the trial court acted reasonably when denying his dispositional departure motion because in doing so, it "carefully considered [Calvert's] proffered substantial and compelling reasons for a departure sentence."

A defendant who receives a durational departure from his or her presumptive KSGA sentence may appeal the trial court's decision to deny his or her dispositional departure motion. See K.S.A. 2020 Supp. 21-6820(a); *State v. Looney*, 299 Kan. 903,

3

908, 327 P.3d 425 (2014). When considering such appeals, this court reviews the trial court's denial of the defendant's dispositional departure motion for an abuse of discretion. *State v. Spencer*, 291 Kan. 796, 807, 248 P.3d 256 (2011). An abuse of discretion occurs if the trial court's decision was based on an error of law, an error of fact, or an otherwise unreasonable decision. In cases like this one where the defendant argues that the trial court acted unreasonably, this court will not reverse the trial court's decision unless no reasonable person would have agreed with the trial court. *State v. Powell*, 308 Kan. 895, 903, 425 P.3d 309 (2018).

At Calvert's sentencing, the trial court provided him with the following explanation why it was denying his dispositional departure motion but granting his durational departure motion:

"Mr. Calvert, *I have read your motion. I've handled your case since, looks like, back in 2018 in this matter.* And while I have to take into consideration the codefendant's—I am considering that, but I also have to take into consideration your case. You have a long history of prior convictions. *A lot of person crimes, whether they're misdemeanors, whether the aggravated battery, including one other—I believe another marijuana.*

"*I know your attorney's indicated that he believes that you suffer from* [*posttraumatic stress disorder*]*, but that's contrary to what Dr. Reece says. He says there's no evidence of mental illness or severe emotional disorder.*

"Placing you on probation, *you missing this court date sentencing was an indication to this Court that you are never going to comply with this—probation.*

"For that reason, I'm going to deny your motion for a dispositional departure.

"However, I am going to grant a durational departure. I'm going to follow the State's recommendation and—I don't know that I heard your attorney or—I saw in his for 65 months, but that may have been something that your attorney and Miss Oswald [State's attorney] talked about. That's a pretty big break in this case, in my opinion, but I'm going to follow those requests, and I'm going to sentence you to the Department of Corrections for your conviction for 65 months.

"I'm granting that because *you have taken responsibility for your crimes*. You did—while you didn't—I'm not sure I can say you saved the State a lot of resources here because they had to appear in court. You did save the State by having to go to trial, by putting on witnesses, and ultimately by withdrawing your motion [to withdraw] plea, to have to litigate that issue.

"I don't—for those reasons, I'm going to grant and sentence you to 65 months. I think that's a fair sentence. More than fair. That's five years, five months.

"You'll be given credit for the 173 days, so you've already served six months. You will be able to earn up to 15 percent good time.

. . . .

"As I said, I am denying the motion to—for a dispositional. *That's based on your criminal history, based on your actions in this case, and based on this case.* I don't believe that that's an appropriate disposition in this matter." (Emphases added.)

Thus, in denying Calvert's dispositional departure motion, the trial court first emphasized that it understood the arguments in Calvert's motion as well as the facts of Calvert's case. It then rejected Calvert's contention that he was entitled to a dispositional departure to probation based on his lengthy criminal history, his conduct while committing his underlying crime, and his conduct during the pendency of his case. On appeal, although Calvert complains that the trial court's rejection of his dispositional departure motion was unreasonable, under the facts of his case, the trial court's denial of his motion was entirely reasonable.

First, the trial court properly found that Calvert's lengthy criminal history established that he was not entitled to a dispositional departure to probation. In his brief, Calvert seemingly argues that his criminal history score of B was less severe than other defendants who have a criminal history score of B because his score hinged on the conversion of his three previous adult person misdemeanors convictions. But Calvert's argument ignores that our Legislature has determined that when calculating a defendant's criminal history score, every three of the defendant's prior adult class A or class B person misdemeanors convictions is equivalent to a single adult person felony. Indeed, this is

why our Legislature requires the trial court to convert every three of the defendant's previous adult class A or class B person misdemeanors convictions to a single adult person felony. See K.S.A. 2020 Supp. 21-6811(a). As a result, the trial court's conversion of three of Calvert's prior adult class A or B person misdemeanor convictions into a single adult person felony did not render Calvert's criminal history score of B somehow less severe than other defendants with the same criminal history score.

Also, notwithstanding this problem with Calvert's criminal history argument, we note that Calvert, who was 33 years old when he committed his current crime of conviction, had 31 prior adult and juvenile convictions in his criminal history. With so many prior convictions, we agree with the trial court that Calvert's criminal history did not warrant a dispositional departure sentence. We therefore hold that the trial court acted reasonably by denying Calvert's dispositional departure motion based on his lengthy criminal history.

Second and relatedly, as indicated by the trial court when denying Calvert's dispositional departure motion, Calvert's current crime of possessing marijuana with intent to distribute was particularly troubling given his previous conviction for selling marijuana. Simply put, it seems whatever punishment Calvert received for his prior conviction neither rehabilitated nor deterred Calvert from continuing to sell marijuana. Hence, we further hold that trial court acted reasonably by denying Calvert's dispositional departure motion based on Calvert's previous conviction for selling marijuana.

Third and perhaps most importantly, the trial court properly found that Calvert's conduct during the pendency of his criminal case established that he was not entitled to a dispositional departure to probation. Although Calvert continues to allege that his mental illness caused him to not attend his original sentencing hearing, the trial court made a credibility determination against Calvert on this issue because Dr. Reece found that he suffered from no mental illness. Calvert does not dispute this credibility determination

6

against him. And in any case, this court does not reassess a trial court's credibility determinations when applying the abuse of discretion standard of review. See *State v. Newman*, 311 Kan. 155, 159, 457 P.3d 923 (2020).

So Calvert has provided no credible explanation why he failed to attend his original sentencing hearing. Yet, because Calvert has provided no credible explanation about his failure to attend his original sentencing hearing, it follows that no such credible explanation existed. In turn, Calvert's failure to attend his original sentencing strongly indicated that Calvert would be unable to comply with the more arduous burdens of probation. We thus hold that the trial court's denial of Calvert's dispositional departure motion was reasonable given Calvert's failure to appear at his original sentencing hearing.

Finally, although Calvert asserts that several other things constituted substantial and compelling reasons requiring the trial court to grant his dispositional departure motion, we disagree. When deciding whether to grant a dispositional departure motion, the trial court must make more than "mere conclusory findings" to support its ruling. *State v. Sewell*, 25 Kan. App. 2d 731, Syl. ¶ 2, 971 P.2d 1201 (1998). It necessarily follows that a defendant moving for a departure must provide more than mere conclusory reasons to support his or her departure motion. Here, Calvert's remaining reasons why the trial court should have granted his dispositional departure motion are conclusory. Thus, Calvert's allegations fail to show why the trial court or judge should accept them as true.

As a result, we agree with the trial court that those reasons were not so substantial and compelling as to entitle Calvert to a dispositional departure when viewed in light of his lengthy criminal history, his conduct while committing his underlying crime, and his conduct during the pendency of his criminal case. And we also agree with the State's contention that the trial court's ultimate decision to grant Calvert's alternative request for a durational departure to 65 months' imprisonment establishes that the trial court "carefully considered [Calvert's] proffered substantial and compelling reasons for a

7

departure sentence." Indeed, by imposing the 65-month durational departure sentence when Calvert's minimum presumptive sentence under the KSGA was 122 months' imprisonment, the trial court undoubtedly credited Calvert for the few substantial and compelling reasons he had listed in his departure motion.

Thus, under the facts of this case, we do not hesitate to hold that the trial court acted reasonably by denying Calvert's dispositional departure motion. As a result, we affirm the denial of this motion and Calvert's 65-month prison sentence.

Affirmed.