NOT DESIGNATED FOR PUBLICATION

No. 128,956

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ARDLANDERS GIBSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Geary District Court; COURTNEY D. BOEHM, judge. Opinion filed November 14, 2025. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before WARNER, C.J., ARNOLD-BURGER and PICKERING, JJ.

PER CURIAM: Ardlanders Gibson appeals the district court's revocation of his probation and imposition of his underlying 21-month prison sentence. We granted Gibson's motion for summary disposition in lieu of briefs under Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). The State did not file an objection. Gibson contends the district court abused its discretion by unreasonably revoking his probation after he stipulated to committing a new crime while under supervision. Based on our review of the record, we affirm the district court's decision.

1

The events leading to this appeal began during an October 2016 traffic stop. Rather than provide his true identity to law enforcement, Gibson gave officers his brother's name, date of birth, and Social Security number. This deception would have consequences extending beyond Gibson himself.

When Gibson failed to appear for a court hearing related to drug charges arising from that traffic stop, the State issued an arrest warrant. Because of Gibson's false identification, the warrant bore his brother's name. The brother was taken into custody, only for authorities to later discover through fingerprint analysis, that they had detained the wrong individual. Gibson's fraudulent actions in identity theft thus led to his brother's wrongful arrest and incarceration.

The State charged Gibson in June 2018 with three felony counts in case No. 18CR479 (Case 1): interference with law enforcement, perjury, and identity theft.

Gibson entered no-contest pleas to the charges of perjury and identity theft, under a plea agreement that called for consecutive sentences. Gibson also pleaded no contest in case 16CR927 (Case 2) to possession of oxycodone with intent to distribute, possession of methamphetamine with intent to distribute, and theft. The State dismissed the interference with law enforcement charge in Case 1, the remaining charges in Case 2, and all charges in case 17CR790 (Case 3).

The plea agreement provided that the sentences in Case 2 would run concurrent to each other, while the sentences in Case 1 would run consecutive to each other, and consecutive to the sentences imposed in Case 2. Gibson agreed not to request downward departures.

*Initial Sentencing and Appeal*

At sentencing in November 2018, the district court imposed an upward dispositional departure to prison, finding "the identity theft caused the victim to be arrested and incarcerated." This court vacated those sentences and remanded for resentencing on December 20, 2019, holding that greater-than-typical harm to a victim cannot support an upward departure under the statutory-counterpart rule. *State v. Gibson*, 57 Kan. App. 2d 610, Syl. ¶ 3, 457 P.3d 207 (2019).

Following the remand of Case 1, the district court resentenced Gibson in May 2020 to run the sentences concurrent and imposed 24 months of probation, with an underlying 21-month prison sentence, and ordered these sentences to be served consecutively to Case 2. The district court directed Gibson's probation in Case 1 to begin upon his release from the Department of Corrections in Case 2. The district court also authorized Gibson to serve his probation in Nevada through interstate compact supervision, provided he completed the necessary paperwork. Upon release from prison, Gibson was subject to both postrelease supervision in Case 2 and probation supervision in Case 1, both of which were overseen via interstate compact in Nevada.

*The Probation Violations*

Gibson's probationary period proved problematic from the start. In September 2023, authorities arrested him for violating the prohibition against associating with individuals under criminal justice supervision. Nevada officials imposed house arrest as an intermediate sanction for that violation.

Six months later, in March 2024, Gibson committed more violations. Again, he associated with a convicted felon while under supervision. When police tried to

3

intervene, Gibson tried to flee. Authorities charged him with possessing more than 200 grams of controlled substances in violation of Nevada law.

Nevada authorities reported they had exhausted available intermediate sanctions. Having already placed Gibson on house arrest with electronic monitoring for his first violation, they possessed no greater tools to address his escalating criminal behavior. The Interstate Commission for Adult Offender Supervision recommended returning Gibson to Kansas for revocation proceedings.

The State filed its motion to revoke probation on April 4, 2024, supported by an affidavit from an intensive supervision officer alleging Gibson had violated his supervision by: (1) failing to remain crime free, and (2) associating with persons under the direct supervision of probation or parole.

At the probation violation hearing on December 19, 2024, Gibson, represented by counsel, stipulated to committing the alleged violations. Despite this admission, he requested that the district court impose a sanction and continue probation rather than revoke it. The district court found Gibson's stipulated violations, particularly the commission of a new crime while on probation, warranted revocation and imposed the underlying 21-month prison sentence.

Gibson timely appealed that decision.

ANALYSIS

A court may revoke probation if the offender commits a new felony or misdemeanor while on probation. K.S.A. 22-3716(c)(7)(C); see *State v. Brown*, 51 Kan. App. 2d 876, 880, 357 P.3d 296 (2015) (explaining that "the district court need not first impose an intermediate sanction when the offender commits a new felony or

4

misdemeanor while on probation"). Once a probation violation has been established, the district court's decision to revoke an offender's probation and impose their underlying sentence is discretionary unless otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). Thus, this court reviews a district court's decision for an abuse of discretion. 315 Kan. at 328. A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Younger*, 320 Kan. 98, 137-38, 564 P.3d 744 (2025). The party claiming an abuse of discretion carries the burden of demonstrating such an abuse. *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022).

On appeal, Gibson contends the district court abused its discretion by revoking his probation and imposing his underlying sentence. He argues the district court should have first imposed a jail sanction and its failure to do so was unreasonable. He asks this court to reverse the district court's ruling.

Gibson does not argue that the district court legally or factually erred. Instead, he alleges the district court's revocation of his probation was unreasonable. A district court acts unreasonably if no reasonable person would have adopted the same position as the court. *State v. Scheetz*, 318 Kan. 48, 63, 541 P.3d 79 (2024).

Gibson's conduct supports the district court's decision to revoke his probation. Gibson received multiple opportunities to succeed on probation. Nevada authorities imposed house arrest with electronic monitoring after he violated his probation the first time. He nonetheless persisted in criminal conduct as evidenced by his arrest on new drug charges while trying to flee from police. Under these circumstances, the district court reasonably concluded that Gibson's repeated violations and new criminal conduct demonstrated that his probation should be revoked. Gibson has failed to show the district court abused its discretion.

5

In sum, the district court did not abuse its discretion in revoking Gibson's probation. Gibson stipulated to committing a new crime while under supervision, providing grounds for revocation under K.S.A. 2016 Supp. 22-3716(c)(8)(A). His pattern of violations, the serious nature of his new drug charges, and the exhaustion of intermediate sanctions all support the district court's decision.

Affirmed.